**Muzio ROBERTO, et al., Appellants,**

v.

**Scott FIELD, Appellee.**

**Civ.A. No. AW–00–687.**

United States District Court,
D. Maryland.

June 1, 2000.

Muzio Roberto, Mary Kim Roberto, Bethesda, MD, pro se.

Jeffrey L. Tarkenton, Womble, Carlyle, Sandridge & Rice, Washington, DC, for trustee.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

### I. *Introduction*

Pending before the Court is an appeal from an Order dated February 17, 2000 from the United States Bankruptcy Court for the District of Maryland, the Honorable Paul Mannes presiding. The Appellants/Debtors, Muzio and Mary Kim Roberto, have filed two briefs, including their original appellate brief [10–1] and an amended brief [11–1]. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons that follow, the Court will affirm the Bankruptcy Court's Order and will deny the appeal.

### II. *Analysis*

This is an appeal from a Bankruptcy Court Order dated February 17, 2000, which was issued during the Appellant Robertos' Chapter 13 bankruptcy case, which is currently pending before the Bankruptcy Court. Scott Field is a Trustee on the panel of Bankruptcy Trustees for the District of Maryland. The Order which has been appealed (and the sole issue which this Court has jurisdiction to hear) involved the denial of one of Appellants/Debtors' pleadings, which they entitled "Reconsideration of Order Allowing Compensation and Reimbursement of Attorney's Fee for Chapter 7 Trustee." The original Order which the Appellants/Debtors sought to have reconsidered was the Bankruptcy Court's decision to grant certain fees to the firm which rendered services on behalf of the Trustee.

At the outset, the Court notes that the Appellants have filed a paper entitled "Brief of Appellant" [10–1] and a paper

entitled "Amended Brief of Appellant" [10–1]. Although the filing of two briefs is improper, the Court will construe these papers together as the Appellants' Brief. The Court previously denied Appellee's Motion to Dismiss for the Appellants failure to timely file its brief, and moreover extended the deadline for filing their appellate brief.

■ In reviewing an appeal taken from the Order of a Bankruptcy Court, the standard of review for conclusions of law is the *de novo* standard. *See Travelers Insurance Co. v. Bryson Properties XVIII*, 961 F.2d 496, 499 (4th Cir.1992). The Court also notes that the Appellants are *pro se* litigants, which at times can place district judges in a difficult predicament. As the Fourth Circuit has held: "On the one hand, they represent the work of an untutored hand requiring special judicial solicitude. On the other, they may present obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). As such, the Court has read the Appellants' brief in as liberal a fashion as possible, and has attempted to glean out Appellant's viable arguments. At the same time, the Appellants have raised a litany of irrelevant and peripheral issues in their appellate brief. The Court only has jurisdiction to hear the appeal taken from the February 17, 2000 Order. *See* 28 U.S.C. § 158(d). Therefore, the Court will disregard the extraneous issues and allegations which the Appellants/Debtors have included in their papers.

■ Having carefully reviewed the Appellants' and the Appellee's briefings, the Court believes that it must affirm the Bankruptcy Court's Order. First, it is clear that the Appellants/Debtor's Motion for Reconsideration was filed long past the applicable deadline. On January 7, 2000, the Bankruptcy Court entered its original order allowing compensation to the firm of Womble, Carlyle, Sanbridge & Rice, PLLC, as counsel to the Chapter 7 Trustee. On February 4, 2000, nearly a month after the Bankruptcy Court's Order, the Appellants filed the Reconsideration Motion. The Bankruptcy Code sets a deadline of 10 days for the filing of a motion for reconsideration following the entry of the order which the party seeks the Bankruptcy Court to reconsider. *See* Federal Rule of Bankruptcy 9023. At the latest, the Appellants/Debtors had until January 17, 2000 to file the motion for reconsideration. As a result, the Appellants/Debtors' motion was overdue by over two weeks. Thus, the Bankruptcy Court correctly found the motion to be untimely.

■ Second, even if the Appellant's motion had been timely, there is no basis for reversing the fee award to the Chapter 7 Trustee. The majority of the fees rendered by the Trustee relate to the investigation and preparation for a fraudulent conveyance lawsuit against the Appellants to recover their fraudulently transferred properties and cash. While Appellants make a series of complaints and allegations about the Trustee, the only relevant argument concerns the fees granted to the Womble firm. Furthermore, the only relevant complaint about those fees involves a $102,000 letter of credit that the Napolis (who were creditors of the Appellants/Debtors) sought to draw on post-petition. The Napolis had obtained an order from the Bankruptcy Court determining that the automatic stay did not enjoin the Napolis from drawing on the letter of credit posted by the Appellants. It is clear that the Womble firm, as counsel for the Trustee, carefully reviewed Appellants/Debtors' pleadings protesting this action, and made the reasonable judgment that any attempt to enjoin the draw on the letter of credit would not benefit the estate and would almost certainly fail. Thus, the Appellants have failed to show how the Bankruptcy Court's original Order granting fees to the Womble firm was erroneous. In short, even if Appellants' Motion for Reconsideration had been timely, it fails on the substantive grounds as well.

### III. *Conclusion*

For the reasons stated above, the Court will affirm the February 17, 2000 Order of the Bankruptcy Court dated and will deny the appeal of that decision. The Court will issue an Order consistent with this Memorandum Opinion.